GARY M. RESTAINO
United States Attorney
District of Arizona
CHRISTINE A. MELTON
Assistant U.S. Attorney
Arizona Bar No. 021649
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: christine.melton@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | Mag No. 23-09176   -MAA |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| vs. | |
| Michael Sobcynski, | |
| Defendant. | |

The parties enter into the following agreement:

## PLEA

The defendant agrees to plead guilty to the citation (Violation Number F5319413) charging him with use of incendiary ammunition, a misdemeanor offense, in violation of 36 C.F.R. § 261.5(b). As part of this agreement, the government agrees that it will dismiss the charges contained within Violation Number F5319414.

## ELEMENTS OF THE OFFENSE

The elements of this offense, pursuant to 36 C.F.R. § 261.5(b), are as follows:

a. The defendant fired tracer bullet(s) or incendiary ammunition within National Forrest Service territory.

///
//
/

## MAXIMUM PENALTIES

The maximum penalties for a violation of 36 C.F.R. § 261.5(b) are a maximum term of imprisonment of six (6) months, a $5,000.00 fine, or both, a period of not more than one (1) years of supervised release, up to five (5) years of probation, and a $10 special assessment.

## AGREEMENTS REGARDING SENTENCING

Pursuant to this plea agreement and Fed. R. Crim. P.11(c)(1)(C), the government and the defendant agree that the following is an appropriate disposition of this case:

a. The defendant agrees to pay a fine in the amount of $330.00 for Violation Number F5319413, which is for the offense of causing timber, slash, or grass to burn without authorization by permit.

b. The defendant agrees to pay restitution to the United States Forest Service in the amount of **one-hundred eighty thousand dollars ($180,000)**, pursuant to 18 U.S.C. § 3663(a)(3). The defendant shall make minimum monthly payments in the amount of $200 via the Clerk of the Court or thru website pay.gov.

**The parties agree to waive a Pre-Sentence Investigation Report and agree that sentencing will occur on the date of the change of plea.**

This disposition is conditional upon the defendant not committing any further criminal violations prior to being sentenced. If these conditions are not met, the Government has a right to withdraw from the plea and reinstate any and all original charges.

If the Court, after reviewing this plea agreement, concludes that any provision is inappropriate, it may reject the plea agreement under Rule ll(c)(5), Fed. R. Crim. P., giving the defendant, in accordance with Rule 1 l(d)(2)(A), Fed. R. Crim. P., an opportunity to withdraw the defendant's guilty plea.

## AGREEMENT REGARDING RESTITUTION

The defendant understands that the Court has an obligation to determine whether,

and in what amount, restitution applies in this case under 18 U.S.C. § 3663 and 18 U.S.C. § 3663A. The defendant agrees this may include restitution for all losses caused by the defendant's criminal conduct, even if such losses resulted from crimes not charged or admitted by the defendant in the Factual Basis. The defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, *et seq.*, 18 U.S.C. § 3664, or 18 U.S.C. § 3613. Additionally, the defendant understands that such restitution will be included in the Court's Order of Judgment and that an unanticipated restitution amount will not serve as grounds to withdraw the defendant's guilty plea or to withdraw from this plea agreement. The defendant also agrees that he will waive his right to appeal any order of the Court relating to restitution.

The defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties or restitution are imposed by the Court will be due immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the defendant agrees that it is a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset (which will not affect any periodic payment schedule). If incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program pursuant to a payment schedule to be determined by the Court.

## DISCLOSURE OF FINANCIAL INFORMATION

The defendant agrees fully to disclose all assets, including real and personal property, in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party, and disclosing any transfer of assets that has taken place within three years preceding the entry

of this plea agreement. The defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. The defendant shall not (and shall not aid nor abet any other party to) sell, hide, waste, destroy, transfer, or otherwise devalue any such assets or property before sentencing, without prior approval of the United States (provided, however, that no prior approval will be required for routine day-to-day expenditures). The defendant shall, if requested, submit to an interview in which the defendant will fully and truthfully answer all questions regarding the defendant's past and present financial condition.

The defendant expressly authorizes the U.S. Attorney's Office to obtain the defendant's credit report. The defendant shall make full disclosure of all current and projected assets to the U.S. Probation Office within thirty (30) days after the defendant's sentencing in this matter. Said disclosure shall include the financial condition of all household members, including but not limited to that of a spouse and/or any children. The defendant also authorizes the U.S. Attorney's Office, including the Financial Litigation Program, to inspect and copy all financial documents and information held by the U.S. Probation Office. The defendant shall fully cooperate with the government and the probation officer to execute such documentation as necessary to secure assets to be applied to restitution owed by the defendant.

## TRANSFER OF ASSETS

Prior to sentencing, the defendant agrees to notify the Financial Litigation Unit of the United States Attorney's Office before the defendant transfers any interest in property with a value exceeding $1,000.00 owned directly or indirectly, individually or jointly, by the defendant, including any interest held or owned under any name, including trusts, partnerships and corporations.

## WAIVER OF DEFENSES AND APPEAL RIGHTS

The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or to the Court's entry

of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. Defendant further waives: (1) any right to appeal the Court's entry of judgment against the defendant; (2) any right to appeal the imposition of sentence upon defendant under 18 U.S.C. § 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under 28 U.S.C. § 2255, or any other collateral attack. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)). If defendant files a notice of appeal, notwithstanding this agreement, defendant agrees this case shall be remanded to the District Court to determine whether defendant is in breach of this agreement and, if so, to permit the United States to withdraw from the plea agreement.

## DISCLOSURE OF INFORMATION TO THE U.S. PROBATION OFFICE

Defendant fully understands and agrees to cooperate fully with the United States Probation Office in providing all criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines, all financial information (i.e., present financial assets or liabilities) that relate to the ability of the defendant to pay a fine or restitution, all history of drug abuse which would warrant a treatment condition as part of sentencing, and all history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

## REINSTITUION OF PROSECUTION

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court-in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

## EFFECT ON OTHER PROCEEDINGS

This agreement does not preclude the United States from instituting any civil or administrative proceedings as may be appropriate now or in the future.

## WAIVER OF DEFENDANT'S RIGHTS

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel, to be presumed innocent until proven guilty beyond a reasonable doubt, and to appeal.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement. I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence.

My guilty plea is not the result of force, threats, assurance or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

## FACTUAL BASIS

I further admit the following facts are true and if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

> On or about April 30, 2023, I, Michael Sobcynski, through my actions caused a wildfire, later labeled as the "Molino 2 Fire," within the District of Arizona. More specifically, on that date, I was using incendiary rounds of ammunition while target shooting with a shotgun at the Molino Basin target shooting area in the Coronado National Forest, Santa Catalina District. This caused numerous fires to ignite and started a wildfire which burned timber, slash, brush, and/or grass. I admit that my actions were the cause of the wildfire, and I did so without authorization or a permit. The Molino 2 Fire resulted in fire suppression costs incurred by the United States Forest Service of more than $200,000.00.

I have read this agreement or it has been read to me in Spanish, and I have carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it.

12-28-23
Date

Michael Sobcynski
Defendant

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

12/28/23
Date

Nathan Leonardo, Esq.
Attorney for Defendant

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

12/28/23
Date

Christine A. Melton
Assistant U.S. Attorney